### A. T. Wellman v. W. R. Highland, Adm., etc.

1. PROMISSORY NOTES—*Possession.*—The fact that the possession of the note, indorsed by the payee, is *prima facie* evidence of ownership, may be conceded as a proposition of elementary law.

Citation in Probate.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

JAMES W. & EDWARD C. CRAIG and JOHN S. HALL, attorneys for appellant.

S. S. ANDERSON and NEAL & WILEY, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee caused a citation to issue from the County Court against appellant and E. E. Freeborn, under the provision of section 81 of the act in regard to the administration of estates, based upon the statement they had in possession certain notes belonging to the estate of Lloyd Harris, deceased. In obedience to the writ appellant appeared before the County Court and was there examined on oath, and the court also heard the testimony of the administrator and other evidence offered, and then ordered the notes to be delivered to appellee as the property of the estate of Lloyd Harris, deceased, from which appellant appealed to the Circuit Court, where, upon a like hearing, except that appellant did not personally appear, a similar order was made, from which appellant prosecutes this further appeal, and to effect a reversal of the order insists that the finding and judgment is against the law and the evidence of the case.

Appellee first contends in this court that because appellant did not appear in the Circuit Court and submit to an examination under oath, that therefore he is guilty of contempt of that court. We do not concur in this view. If appellee desired to examine appellant under oath he should have taken the necessary preliminary steps to secure his attendance, and nothing appears in the record of this nature. Appellant was not bound to voluntarily offer himself as a witness in his own behalf, and appellee was at liberty to call him if he so desired. Appellant had already obeyed the citation of the County Court, and the order of that court had been respected by surrendering the notes in controversy to appellee. Until further commands were put upon him, appellant had discharged all his obligations either to the law or the court, and could not therefore be in contempt.

Upon the hearing of the case it appeared from the evidence that Freeborn, as the collecting agent of appellant, had in possession certain notes in which the deceased, Lloyd Harris, was payee, and which appeared to be indorsed in the name of Harris in the handwriting of Hodges, and witnessed by Rimerman.

It is contended by appellant that the possession of the note, indorsed by Harris, is *prima facie* evidence of ownership, and it may, we think, be conceded that the proposition contains elementary law. In truth, it may be admitted that the rules of law applicable to the issues in the case are all of an elementary nature, and that the burden of proof was upon appellee to show the notes were the property of the estate, either legally or equitably. The question in the case is one of fact, to be determined by the evidence. The evidence has been discussed by counsel for appellant with much earnestness, and it is claimed that the finding of the trial court can not be supported without disregarding the evidence. The principal question for determination is what the evidence proves, and that is to be done regardless of the side producing it. On the trial appellee proved that the indorsements upon the notes were not in the handwriting of Harris; that the notes had been in possession of Harris before he died, and that he could write. Appellant called Rimerman and Hodges as witnesses and the former testified that he saw Harris for the first time at Mattoon and talked with him about trading St. Louis land or lots in which witness and appellant were interested together, but owing to the worn condition of the notes declined to trade, but that witness perhaps could get appellant to trade for them; that he went with Harris to appellant's office and there a deed was made by Wellman to Harris for four or five lots in Diamond Park, St. Louis, in which he, the witness, had no interest, and delivered same to Harris, and the latter being in a bad condition physically, could not write, and got Hodges, who was present, to sign his name on the back of the notes. He saw Harris hand the notes to Wellman and Wellman hand the deed to Harris. The deed was

acknowledged by Craig, who came up to the office. Witness admits that Harris had been drinking. Hodges testified that he met Harris for the first time in Mattoon and went with him to appellant's office and wrote his name on the notes; that appellant then handed Harris a large envelope, and something was said about it being a deed, but he saw no deed; none was written there, and he did not see Craig in the office. Appellee proved on the trial that appellant in his testimony in the County Court stated that he did not remember whether or not he made a deed to Harris; that he did not remember who made the deed or who took the acknowledgment of the deed; that he did not remember how many lots he conveyed, two or four; that Rimerman was a partner in the lots and in the trade, and the notes in question were all that he received for his share. Craig testified that at his own office he took the acknowledgment of Wellman and wife to a paper of some kind, the nature of which he did not know. It appears further from the evidence that within a few days after this Harris died, and that no deed was found among his papers or effects, nor had such deed been seen after Harris left the office of Wellman.

From the evidence we have recited, together with all the other evidence in the record, and the inferences to be naturally drawn from it, we feel warranted in the conclusion that the trial court, who saw and heard the witnesses, was justified in finding that no deed or other consideration was given for the assignment of the notes; that Harris was either drunk or under some other mental disability at the time he was in appellant's office, and when it is claimed he assigned the notes, and the indorsements upon the notes were not such acts of Harris as were legally binding upon him. The testimony of Rimerman and Hodges was conflicting upon material points, strongly affecting their credibility, and the statement of appellant in the County Court was inconsistent in vital points with the testimony of the other witnesses. If appellant in fact executed and delivered the deed to Harris, it is unreasonable to believe

he did not remember it, and the natural inference from such statement is that he did not deliver such deed, and such inference becomes nearly conclusive when we find it is corroborated by the fact that no deed had been seen, or found among the effects of deceased, and no one claims to have seen it at any time but Rimerman, who is contradicted by Hodges when he says that an envelope only, said to contain a deed, was delivered to Harris. Rimerman was also mistaken as to the fact that Craig acknowledged the deed in Wellman's office, and it is a safe conclusion he never saw the deed. We are satisfied the trial court reached the proper conclusion as to the facts, and its judgment will be affirmed. Order affirmed.